Beacom, J.
The substantial facts in this case are that in June, 1902, the plaintiff, with others, petitioned the village of Glenville as follows: “We, the undersigned, owners of property abutting on Lakeview avenue, respectfully petition the council to widen said avenue to its original width of sixty feet, by grading, draining, curbing and laying sidewalks therein from the southerly limits of the village,” etc. A resolution was passed by the council and a copy thereof furnished to plaintiff herein, declaring, in substance, that the council of the village of Glenville did intend to improve.the street named in this petition by “grading, draining, setting curbs and laying sidewalks,” using in said resolution the exact language of the petition, and it was further declared therein that “the cost and expense of such improvement, so much of it as may be properly chargeable to the property, shall be assessed to the lots abutting on said street.” And thereafter all things were done necessary to be done to authorize the village to levy a valid assessment against abutting property owners, except that the estimated assessment which the law requires to be advertised for three weeks was advertised for only two weeks.
In the following summer the improvements petitioned for were made at the expense of the village of Glenville, which means that the expense is now charged upon the tax-payers of the city of Cleveland, unless the same shall be paid for by the owners of abutting property, that part of Glenville having been subsequently annexed to the city of Cleveland. The improvements made were those prayed for in the petition, being “grading draining, curbing and laying sidewalks. ’ ’
As to the actual' knowledge that plaintiff herein had of this improvement, he says, “I presume I knew they were grading.” 'The court is of opinion that if he knew that grading was going *185 on in that street he knew that it was made in pursuance of his petition, and he was put upon notice that the authorities were making a public improvement there, and if he did not know fully the scope of that improvement he could have known it by making inquiry, and he should have'made such inquiry.
Such being the facts, the court is of opinion that plaintiff applied to the municipality to have improvements made upon his property; that he was notified that the municipality was starting in to pass the legislation for the making of these improvements which- he had asked to'"have made; that he had notice subsequently that some improvements were being made, and should reasonably have known that they were making the improvements that he had asked the municipality to make; that the relation thus. established between plaintiff and the city of Cleveland are those which would be established between ■ the plaintiff and any person whom he should ask to do anything for him, if that person should do the thing asked for.- If he should ask a grocer to send him groceries and the grocer should send them, then the plaintiff would be required to make payment. This court is unable to distinguish the relations between the property owner and the municipality from those which are established between any two individuals when one requests the other to render him a service'and the other renders that service. In all such cases but one thing remains to be done, and that is for the person who receives the benefit to make payment' therefor.
In Columbus v. Sohl, 44 O. S., 479, on page 482 it is said, in a ease analogous to the present one: ‘ ‘ The rights of all parties, including the city, are to be determined by the law of contract. ’ ’
This court is unable to distinguish between the obligations of plaintiff to the city of Cleveland in this case and those which he would owe a private contractor who had made these improvements at plaintiff’s request for the benefit of his property.
Any one who has read everything in the Supreme Court Reports on this class of cases will find that that court has uniformly held that where persons have asked to have things done and the municipality has done-them, the petitioner must pay therefor.
But plaintiff says that no assessment. can be levied upon an abutting owner for the laying’ of sidewalks by the municipality *186 irnt.il after the owner has been notified to lay sidewalks himself and has failed to do so. This is substantially the language of the statute, and, generally speaking, that claim is true, but that can not apply to a ease like this, where the plaintiff has petitioned the municipality to do the work for him.
Plaintiff also complains that the municipality did not do all the things in respect to the preliminary legislation that the statutes of the state required, to-wit, that the estimated assessment was not advertised the time required by the statute, and it is admitted that it was not so advertised. The court is of opinion, however, that the provisions of the statutes as to the proceedings which a municipality must take are made for the benefit and protection of those against whose property the municipality seeks to levy assessments without their consent, and that where a party prays the municipality to make an improvement for the benefit of his property he waives his right to have the municipality proceed in accordance with the statutes. The levying of an assessment is the taking of property, and it can not be done without the consent of the property owner except by due process of law, and due process of law requires that the property owner be notified and given his opportunity to protest against the levying of the assessment, and due process of law requires in such case that the preliminaries required by the statute be followed. But the rules in such matters are analogous to those which apply to a case in court. No judgment can' be entered against a defendant unless he has been served with summons and has been given an opportunity to appear and defend, but if he voluntarily appear the issuance and service of summons is a useless thing and is unnecessary. And this court is of opinion that plaintiff herein ought to be and might be required to pay for the improvements made to which this case relates, if nothing had ever been done but the filing of the petition and the passing of the resolution and the service of a copy thereof upon the plaintiff and his subsequent silence until after the improvement had been made.
Plaintiff having asked to have the improvements made, having asked the municipality to expend money, and it having expended the money of the general tax-payer for the improvement of *187 plaintiff’s property, it is too-late after the improvement has been made to attempt to enjoin the collection of the assessment.
P. P. and D. H. Tilden, for plaintiff.
Baker, Wilcox, Wilkins, Stevens & Carey, City Solicitors, for defendant.
Even though the contention of plaintiff as to the illegality of the assessment for the cost and expense of laying the sidewalk were valid, that would not entitle him to an injunction against the collection of the assessment for the making of the other improvements, but in order to entitle him to an injunction for a part he must come in here into a court of chancery expressing and indicating his willingness and readiness to pay the portions which are valid in case a part should be held to be invalid. This he has not done.
Injunction refused. Petition dismissed.